# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10429
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMIAH LEE GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-103-1

Before KING, DENNIS, and WILLETT, Circuit Judges.

PER CURIAM:*

Jeremiah Lee Guerra challenges the 175-month sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of methamphetamine (actual). He contends that his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for rejecting his arguments for a sentence at the low end of the applicable advisory guidelines range of 140 to 175 months.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10429

Because Guerra did not object to the sufficiency of the district court's reasons for the sentence it imposed, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). For sentences within the guidelines range, little explanation is necessary; however, when parties present nonfrivolous or legitimate reasons for imposing a different sentence, "the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Here, the district court did not plainly err with respect to the sufficiency of its explanation for the sentence it imposed. The record reflects that the court considered Guerra's arguments for a sentence at the low end of the guidelines range based on his assertion that the methamphetamine coming from Mexico was very cheap, very pure, and very much available, which he asserted was not the case when the Guidelines were written. When imposing the 175-month sentence, the court expressly noted that its sentence "does adequately address the sentencing objectives of punishment and deterrence." Thus, the record reflects that the court considered all the evidence and arguments but simply found the circumstances insufficient to warrant a lesser sentence in light of the Guidelines and the 18 U.S.C. § 3553(a) factors. *See Rita*, 551 U.S. at 358-59. The district court's failure to give additional reasons does not constitute clear or obvious error. *See id.*; *Puckett v. United States*, 556 U.S. 129, 135 (2009). In addition, to show that the purported failure to give adequate reasons affected his substantial rights, Guerra must show that it affected the outcome, i.e., that further explanation would have resulted in a lesser sentence. *See United States v. Martinez*, 872 F.3d 293, 303 (5th Cir. 2017); *Mondragon-Santiago*, 564 F.3d at 364-65. He makes no such showing.

AFFIRMED.

2